Case 7:14-cv-00757   Document 19   Filed in TXSD on 03/30/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
March 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| MARY CRUZ CANTU | § | |
| | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:14-CV-00757 |
| | § | |
| WILLIAM STEPHENS | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Mary Cruz Cantu's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, which had been referred to the Magistrate Court for a report and recommendation. On February 25, 2016, the Magistrate Court issued the Report and Recommendation, recommending that Respondent's motion for summary judgment be granted, that Petitioner's § 2254 habeas petition be denied, that Petitioner be denied a certificate of appealability, and that this action be dismissed.

Also pending is a motion for extension of time to file objections. In this motion, Petitioner asserts that she received the Report and Recommendation on March 3, 2016 but that she could not timely respond because her unit was on official lock-down beginning March 4, 2016. Although the motion does not indicate how long the lock-down was expected to continue, Petitioner requested until March 31, 2016 to file her objections. Nonetheless, the objections were filed on March 16, 2016. Because Petitioner has demonstrated good cause for the failure to timely file her objections, and because there was no undue delay in the actual filing, the Court grants the motion for extension and considers the objections in full.

The objections, although lengthy, concentrate primarily on the merits of Petitioner's claim. Only briefly is the issue of limitations addressed. Even in addressing limitations, Petitioner does little more than disagree with the Magistrate Court's finding that equitable tolling

does not apply. No specific factual or legal objection is raised. The only real argument is Petitioner's claim that the filing of her application for writ of mandamus in the state district court was intended to be a state habeas petition. Although no evidence is offered, Petitioner implies that the application was filed between January 8, 2007 and January 8, 2008. If, in fact, Petitioner had filed a state habeas during that time frame, such would be timely. However, the state court denied Petitioner's application for writ of mandamus on March 13, 2009 and Petitioner did not file her § 2254 petition until over five years later, on July 25, 2014. Thus, even if the application for writ of mandamus were construed as a state habeas, any statutory tolling would have expired years before Petitioner filed with this action. Thus, this argument does not save Petitioner's claim.

Thus, pursuant to 28 U.S.C. § 636 (b)(1)(c), the Court has made a de novo determination of the Report and Recommendation to which objection has been made. As to those portions to which no objections have been made, in accordance with Federal Rule of Civil Procedure 72(b), the Court has reviewed for clear error.

Having thus reviewed the record in this case, the parties' filings, and the applicable law, the Court adopts the Report and Recommendation in its entirety. Accordingly, it is hereby ORDERED that Respondent's Motion for Summary Judgment is GRANTED, that Petitioner's Petition for Writ of Habeas Corpus Pursuant to § 2254 is DENIED, that Petitioner is denied a certificate of appealability, and that this action is DISMISSED.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 30th day of March, 2016.

_____
Micaela Alvarez
United States District Judge